IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00577-RJC-DCK

| | |
|---|---|
| QUEEN CITY TELEVISION SERVICE CO., INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER GRANTING DEFAULT**<br>) **JUDGMENT AND PERMANENT** |
| QUEEN CITY APPLIANCE REPAIRS, LLC, BENNY STAFFORD, and TONY SCOTT, | ) **INJUNCTION**<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter comes before the Court on the Motion for Default Judgment (the "Motion") Plaintiff Queen City Television Service Co., Inc. ("Queen City Appliance" or "Plaintiff") against Defendants Queen City Appliance Repairs ("Queen City Repairs"), Benny Stafford ("Stafford"), and Tony Scott ("Scott") (collectively "Defendants"). [D.E. 12].

The Court has reviewed the Motion, together with the supporting materials submitted contemporaneously with the Motion or previously filed with the Court. Based upon those materials and because Defendant has failed to file an answer in the time afforded under the law and the clerk's entry of Default, Plaintiff's Motion is hereby GRANTED.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On October 28, 2019, Plaintiff filed its Complaint in this Court seeking injunctive relief and damages against Defendant for (i) infringement of federally

1

registered trademarks under 15 U.S.C. §§ 1114, *et seq.*, (ii) false designation of origin and unfair competition under 15 U.S.C. § 1125(a), *et seq.*, (iii) common law trademark infringement, (iv) common law unfair competition, and (v) unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. [D.E. 1.]

2. Defendants were properly served on December 12, 2019 and January 27, 2020. [D.E. 6-7, 9.].

3. This Court has proper jurisdiction over the subject matter in this litigation under 15 U.S.C. § 1121 and 15 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act.

4. This Court has personal jurisdiction over Defendants because Defendant Queen City Repairs is a North Carolina limited liability company with a principal place of business in Charlotte, North Carolina and Defendants Stafford and Scott are resident of Charlotte, North Carolina. This Court shall retain jurisdiction over Defendant for the purpose of implementing and enforcing this Judgment.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391.

6. Plaintiff owns U.S. Registration No. 3,950,551 for the mark QUEEN CITY AUDIO VIDEO APPLIANCES (the "Queen City Appliance Mark"). This registration is valid and subsisting and has achieved incontestable status.

7. Since at least as early as May 20, 2004, Plaintiff has used the Queen City Appliance Mark continuously and in good faith in connection with a wide range of services including "retail store services in the field of consumer electronics, major household appliances, grills, and accessories for consumer electronics and household

appliances" in International Class 35 (collectively, "Queen City Appliance's Services" or "Plaintiff's Services").

8. Plaintiff has a long track record of outstanding sales totals due to their extensive promotion of the Queen City Appliance Marks and their commitment to customer service. The Queen City Appliance Mark has become well known throughout North Carolina and is associated in the mind of the relevant consuming public with Plaintiff and its business.

9. Plaintiff's use of the Queen City Appliance Mark has created, and continues to create, a close association between the Queen City Appliance Mark and Queen City Appliance's Services in the mind of the public.

10. Further, Plaintiff has spent substantial time, money, and effort in developing and marketing services including Queen City Appliance's Services, under the Queen City Appliance Mark throughout the United States. As a result, Plaintiff has built up extensive goodwill in, and owns extensive common law rights to, the Queen City Appliance Mark, and the general public closely associates the Queen City Appliance Mark with at least Queen City Appliance's Services.

11. At all times relevant to the Complaint, Defendants have been using QUEEN CITY HOME APPLIANCE REPAIR in connection with installation, maintenance, and servicing of appliances (the "Infringing Mark") and has owned the domain name <queencityappliancerepairs.com> (the "Infringing Domain Name").

12. The Infringing Domain Name resolves to a website operated by Defendants that advertises and offers services related to installation, maintenance, and servicing of appliances (the "Infringing Website").

13. Plaintiff first learned of Defendants' infringement when Roddey Player, the owner of Plaintiff, received calls from several different customers complaining about the quality of repair service that they received from Defendants on home appliances, which they believed to be associated with Plaintiff and an extension of Plaintiff's business. This constitutes actual confusion and has resulted in damages to Plaintiff's business, trade, reputation, and goodwill.

14. On May 10, 2019, Plaintiff sent Defendants a cease-and-desist letter demanding that Defendants cease using the Infringing Mark and cease operating both the Infringing Domain Name and the Infringing Website (the "First Letter").

15. On August 6, 2019, Plaintiff sent Defendants a second cease-and-desist letter reiterating the demands made in the First Letter (the "Second Letter").

16. On August 8, 2019, Scott called counsel for Plaintiff and stated that Defendants would comply with Plaintiff's demands within 30 days (the "August 8 Call").

17. On September 23, 2019, Plaintiff sent Defendants a third cease-and-desist letter again reiterating the demands made in the First and Second Letters (the "Third Letter") and further attaching a settlement agreement for Defendants to sign and return to Plaintiff. The terms of the settlement agreement obligated Defendants to comply with Plaintiff's demands by October 7, 2019.

18. To date, Defendants have not returned the settlement agreement or otherwise made any effort to comply with Plaintiff's demands.

19. Defendants have engaged in this conduct in spite of the fact that Plaintiff's rights in the Queen City Appliance Mark date back at least as early as May 20, 2004.

20. Accordingly, Plaintiff's rights in the Queen City Appliance Mark precede any rights Defendants could claim in the Infringing Mark.

21. Defendants' Infringing Mark is confusingly and deceptively similar to the Queen City Appliance Mark for Plaintiff's Services such that the trade and purchasing public is likely to be confused by and deceived into believing that the services offered in connection with the Infringing Mark originate with or are otherwise authorized by, sponsored by, licensed by, or associated with Plaintiff. Indeed, as described above, such confusion has occurred.

22. Defendants intentionally copied the Queen City Appliance Mark when it adopted the Infringing Mark. Because Defendants have been on notice of Plaintiff's superior rights in the Queen City Appliance Mark since at least May 10, 2019, Defendants' infringement is willful.

23. The Infringing Mark closely resembles the Queen City Appliance Mark.

24. The Infringing Mark begins with the same two words ("QUEEN CITY") as Plaintiff's QUEEN CITY AUDIO VIDEO APPLIANCES, and the Infringing Word shares the singular form of an additional word ("APPLIANCES"), with the Queen City Appliance Mark.

25. The additional terms contained in the Infringing Mark ("HOME" and "REPAIR") are descriptive of Defendant's services and therefore do not serve to distinguish the Infringing Mark from Plaintiff's Mark.

26. The Infringing Mark and the Queen City Appliance Mark convey similar commercial impressions.

27. The Infringing Mark is being used in connection with services that are substantially similar to the services covered by the Queen City Appliance Mark, namely, services related to the installation, maintenance, and servicing of appliances.

28. Defendants do not have a license or permission from Plaintiff to use the Queen City Appliance Mark or any mark confusingly similar to the Queen City Appliance Mark.

29. Because of the striking and confusing similarities between the Queen City Appliance Mark and the Infringing Mark, ordinary observers, unless they set out to detect any disparities, would likely overlook any differences and regard the marks as aesthetically the same.

30. The types of services offered and sold by Defendants under or in connection with the Infringing Mark are identical and/or closely similar to the goods and services Plaintiff offers and sells under or in connection with the Queen City Appliance Mark.

31. Defendants' use of the Infringing Mark in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods and/or services which are in direct competition and/or overlap with services

offered by Plaintiff under the Queen City Appliance Mark, is likely to cause confusion, or to cause mistake, and/or to deceive the public in violation of 15 U.S.C. § 1114 and infringes Plaintiff's federally registered mark.

32. Also, Defendants' adoption and use of the confusingly similar Infringing Mark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiff, in violation of 15 U.S.C. § 1125(a).

33. Defendants' use of the Infringing Mark in North Carolina also constitutes trademark infringement and unfair competition under North Carolina common law and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.

34. Defendants' acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of Plaintiff's rights under section 32(a) of the Lanham Act 15 U.S.C. § 1114(a), and have been deliberate, willful, and in callous disregard of Plaintiff's rights.

35. Defendants adopted and are using the Infringing Mark knowingly in violation of, and in reckless disregard of, Plaintiff's rights in the Queen City Appliance Mark particularly in light of the First, Second, and Third Letters Plaintiff sent Defendants and the August 8 Call.

36. Actual confusion has resulted from Defendants' use of the Infringing Mark.

37. Defendants continued to use the Infringing Mark despite Plaintiff's repeated requests that Defendants stop their infringing activities.

38. Defendants' willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies trebled and to recover its attorneys' fees under 15 U.S.C. § 1117.

39. Plaintiff has been and will continue to be irreparably injured by Defendants' conduct. Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendants.

40. Defendants' actions have caused and will continue to cause confusion, mistake, or deception among the public and consumers as to the affiliation, connection, association, origin, sponsorship, approval, or source of the goods and/or services that Defendants market and sell under the Infringing Mark, resulting in damage to Plaintiff's business, trade, reputation, and goodwill.

## PERMANENT INJUNCTION AND ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that default judgment and a permanent injunction be ordered against Defendants as follows: Defendants are hereby permanently enjoined along with those in active concert and participation with them from:

1. Infringing Plaintiff's federally registered QUEEN CITY AUDIO VIDEO APPLIANCES trademark and related other common rights (the "Plaintiff's Mark").

2. Using the Plaintiff's Mark or any mark confusingly similar thereto including, without limitation, the designation "QUEEN CITY HOME APPLIANCE REPAIR" (the "Infringing Mark"), to advertise, promote, display or sell any goods or services;

3. Making any use of any corporate name, domain name, or trade name including, without limitation, the domain name <queencityappliancerepairs.com>, confusingly similar to the Plaintiff's Mark and/or consisting of, in whole or in part, any of the Plaintiff's Mark;

4. Registering any trademark, domain name, trade name, or corporate name including, without limitation, the domain name <queencityappliancerepairs.com>, consisting of, in whole or in part, the Plaintiff's Mark, or any word or mark confusingly similar thereto;

5. Representing or suggesting to any third party that Defendants are affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff; and

6. Otherwise unfairly competing with Plaintiff.

The Court FURTHER finds that Defendants are in violation of 15 U.S.C. § 1125(a), and, having so found, HEREBY FURTHER ORDERS under 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of any of the Defendants, bearing the registered trademark QUEEN CITY AUDIO VIDEO APPLIANCES reflected in U.S. Reg. No. 3,950,551 or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be destroyed by Defendants;

and that Defendants shall remove all signage, and to cease use of and destroy all copies of any labels, signs, prints, packages, wrappers, receptacles, and advertisements in their control bearing Plaintiff's Mark, within ninety (90) days of the date of this order.

This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorney's fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

Signed: October 6, 2020

Robert J. Conrad, Jr.
United States District Judge